**IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF MISSISSIPPI
GREENVILLE DIVISION**

**ORLANDO LEWAYNE PILCHER**            **PETITIONER**

**V.**            **NO. 4:11CV136-A-A**

**ALLEN PEPPER, JR., et al.**            **RESPONDENTS**

### MEMORANDUM OPINION

This cause comes before the court on the petition of Orlando Pilcher for a writ of habeas corpus pursuant to 28 U.S.C. § 2241. After due consideration, the court finds that the petition should be dismissed with prejudice.

*A. Factual and Procedural Background*

In October, 2005, Pilcher pled guilty to distribution of crack cocaine for which he was sentenced to 25 years imprisonment. Judgment was entered on March 8, 2006. Pilcher did not pursue an appeal. More than five years later, on October 20, 2011, Pilcher filed a 2255 petition challenging his sentence. The petition was denied as untimely on December 28, 2011. *See Pilcher v. United States*, 4:05cr034-WAP. While the 2255 was pending, this petition was transferred to this court from the Eastern District of California.

*B. Successive Petitions*

As noted, this is Pilcher's second petition to this court regarding the same conviction. Generally, a district court may not consider a second or successive habeas petition. Under Rule 9 governing successive 2255 proceedings, a petitioner must first obtain permission to file a successive habeas from the Fifth Circuit Court of Appeals. Here, Plicher has presented no proof that he has obtained such permission.

*C. 28 U.S.C. § 2241*

To the extent Pilcher may be attempting to bring his claims under 28 U.S.C. § 2241, his petition also fails. Section 2241 is used to attack the manner in which a sentence is executed. *United States v. Cleto*, 956 F.2d 83, 84 (5th Cir. 1992). A § 2241 petition which attacks errors that

occur at trial or sentencing is properly construed under § 2255. *Solsona v. Warden, F.C.I.*, 821 F.2d 1129, 1131-32 (5th Cir. 1987). Nevertheless, a § 2241 petition attacking a federally imposed sentence may be considered *if* the petitioner establishes the remedy under §2255 is inadequate or ineffective. *Cox v. Warden, Fed. Detention Ctr.*, 911 F.2d 1111, 1113 (5th Cir. 1990).

A prior unsuccessful § 2255 motion, or the inability to meet AEDPA's "second or successive" requirement, does not make § 2255 inadequate or ineffective. *See Tolliver v. Dobre*, 211 F.3d 876 (5th Cir. 2000). Pilcher is simply attempting to circumvent the limitations on filing successive § 2255 motions. Correspondingly, any contention that § 2255 is inadequate or ineffective, because it would be dismissed as successive, is without merit.

### D. Conclusion

Pilcher's petition for habeas relief shall be denied.

A final judgment in accordance with this opinion will be entered.

THIS the 21st day of May, 2012.

                                               /s/ Sharion Aycock
                                             **U.S. DISTRICT JUDGE**